# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1938V

|  |  |
|---|---|
| HOLLY F. KAHLER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 26, 2024 |

*Jessica Anne Olins*, Maglio Christopher & Toale, (WA), Seattle. WA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 20, 2019, Holly F. Kahler filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza vaccine administered on October 4, 2018. Petition at 1. On March 28, 2024, I issued a ruling finding Petitioner entitled to compensation and decision awarding damages following briefing by the parties. ECF No. 50.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $61,645.85 (representing $60,773.70 for attorney's fees, $868.49 for attorney's costs, and $3.66 for Petitioner's out-of-pocket litigation costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion"), filed June 24, 2024, ECF No. 55. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $3.66 in out-of-pocket expenses. ECF No. 55-4.

Respondent reacted to the motion on July 1, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion ("Response") at 2-3, 3 n.2, ECF No. 56.

On July 2, 2024, Petitioner filed a reply, reiterating the arguments set forth in her motion. Petitioner's Reply to Response, ECF 57. One month later, on August 2, 2024, she filed an amended motion providing the new address for the firm's main office: 1515 Ringling Blvd., Suite 700, Sarasota FL 34236, where Petitioner requests that the check be mailed.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Ms. Olins are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $53.60.[4]**

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive - although not egregiously so. *See* Status Report, filed Apr. 29, 2022, ECF No. 37 (noting an impasse in settlement discussions); Petitioner's Motion for Ruling on Entitlement and Damages, filed Apr. 21, 2023, ECF No. 45; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on Entitlement and Damages, filed June 8, 2023, ECF No. 48. Petitioner's counsel expended approximately 24.8 hours drafting the motion for a ruling regarding entitlement and damages and 11.6 hours drafting the reply, totaling 36.4[5] hours. ECF

---

[3] These entries, drafting basic documents such as a notice of filing and exhibit list, are dated as follows: 6/8/23 (two entries). ECF No. 55-2 at 21.

[4] This amount consists of ($320 - $186) x 0.4 hrs. = $53.60.

[5] These totals are calculated as follows: 36.4 hours billed on 3/16/23 (three entries), 3/17/23 (two entries), 4/19/23 (four entries), 4/20/23 (two entries), 4/21/23 (four entries), 6/6/1/23, 6/7/21, 6/8/23 (three entries) billed at a rate of $320 by Jessica Olins. ECF No. 55-2 at 20-21.

3

No. 55 at 20-21.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 55-2 at 21 (entry dated 6/8/23 – 0.3 hours).

Given that briefing was required for both entitlement and damages in this case, I would expect Petitioner's counsel to expend additional time to finalize any briefing. However, the time billed in this case still exceeds what that total would be.[6] Thus, I find that a lower reduction of 20 percent (rather than the 30 percent I commonly apply)[7] is warranted. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 36.4 hours, or $11,648.00)** by *twenty percent*. Such an across-the-board reduction

---

[6] *See,* e.g., *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

[7] *See,* e.g. *Brantley-Karasinski v. Sec'y of Health & Hum. Servs.*, No. 20-1058V, 2024 WL 1912574 (Fed. Cl. Spec. Mstr. Nov. 25, 2023) (reducing by 30 percent the hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief - 21 and 19.1, respectively).

(which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,329.60.**[9]

## ATTORNEY AND PETITIONER COSTS

Petitioner requests $868.49 in attorney's costs, and has provided the documentation needed to substantiate these costs. ECF No. 55-3. She also requests $3.66 in out-of-pocket litigation costs, specifically postage. ECF No. 55-4. Such costs are associated with medical records costs, legal research, postage fees, and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $59,262.65[10] as follows:**

- **A lump sum of $59,258.99, representing reimbursement in the amount of $58,390.50 for attorney's fees and $868.49 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $3.66, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: 36.4 x $320 x .20 = $2,329.60.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

5

**Per Petitioner's request, the check is to be forwarded to Maglio Christopher and Toale Law, 1515 Ringling Blvd., Suite 700, Sarasota FL 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[11]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.